The Honorable T. J. Hively Prosecuting Attorney Sixteenth Judicial Circuit P.O. Box 2476 Batesville, AR 72503
Dear Mr. Hively:
This is in response to your request for an opinion regarding bidding procedures for the construction of public facilities in Arkansas. You have asked, specifically, whether the "design/build" approach outlined in your correspondence conforms with the bidding laws. The question is asked in connection with Independence County's exploration of project delivery methods for completion of a new criminal justice facility.
It is my opinion that the "design/build" process which you describe does not conform with bidding procedures that are currently required where the estimated costs of the work exceed $10,000.00. See A.C.A. 22-9-203 (Cum. Supp. 1991). Procedures applicable to bids exceeding $50,000.00 will, in my opinion, also prevent the use of this design/build approach. See A.C.A. 22-9-204 (Cum. Supp. 1991).
You state in your request that the design/build approach involves a two phase agreement. Phase I is preliminary design and budgeting and Phase II is final design and construction. As part of a Phase I agreement, the contracted design professionals provide preliminary information, including preliminary budget and design documents, to the county, and this information is released with instructions to bidders in the form of a request for design/build proposals. The request for proposals ("RFP") also includes design/build team qualification requirements and proposal evaluation criteria. After selecting the most responsive proposal, the county enters into a Phase II agreement with the successful bidder. This design/build team is responsible for final design and construction, including final construction document preparation, construction administration, and all labor, material and equipment used in the project's construction.
It is apparent from this description that the final construction contract is not bid by the county. Rather, the bid is for proposals called "design/build" proposals". The design/build team whose proposal is selected in response to the RFP is then responsible for final design and construction. The RFP includes preliminary information only. It does not contain plans and specifications for the submission of a total dollar bid by a general contractor.
In contrast to the above procedure, A.C.A. 22-9-203 requires the county to receive bids from prime contractors for "the project." See A.C.A. 22-9-203(f). There is no provision for bidding part of the job, as is the case with the RFP in this design/build approach. The prime contractor must, in accordance with A.C.A. 22-9-204(c), include in his bid the names of mechanical, plumbing, electrical and roofing subcontractors.[1] These provisions clearly contemplate the award of one contract by the county to a licensed prime contractor following the county's publication of notice of its intention to receive bids. See A.C.A. 22-9-203(a). The bid specifications must be sufficient for the contractor to include the subcontracts in his proposal to the county. There is one contract and one bond. Id. See also A.C.A.18-44-503 (Cum. Supp. 1991) (No contract exceeding $20,000.00 may be entered into ". . . unless the contractor shall furnish to the party letting the contract a bond in a sum equal to the amount of the contract.")
There is no provision for the type of request for proposals outlined in your correspondence, which includes preliminary information only and does not result in a final contract. The design/build approach you describe would, as I understand it, in essence involve a bid to the county for part of the job, i.e., preliminary design and budget.[2]
The successful bidder (the design/build team) would, presumably, receive bids for the construction work. In any event, it seems clear that the county does not receive bids from prime contractors for the final construction work, as required under A.C.A. 22-9-203 and -204.
It is therefore my opinion that the design/build approach does not conform with bidding procedures applicable to the county in connection with contracts it enters into for the construction of public improvements.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Section 22-9-204 applies where the total bid amount submitted by the prime contractor exceeds $50,000.00.
[2] To the extent that architectural and/or engineering services are procured through the RFP, a question may also arise under A.C.A. 19-11-801 — 805 (Cum. Supp. 1991), which prohibit the county from using competitive bidding for these professional services. See Graham v. Forrest City Housing Auth., 304 Ark. 632, 803 S.W.2d 923 (1991).